UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA CORBETT on behalf of Christina Corbett,

    Plaintiff,

-vs-                                        Case No. 6:05-cv-1298-Orl-19JGG

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER RE RESPONSE TO ORDER TO SHOW CAUSE

On January 20, 2006, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10 and Fed.R.Civ. P. 4(m). Docket No. 7. A response was due on February 3, 2006. An untimely response to the OSC was filed on February 6, 2006. Docket No. 8. Plaintiff's counsel states that he failed to serve the summons and complaint within 120 days as required by Fed.R.Civ. P. 4(m) because the summons was "improperly placed" in the Plaintiff's file, and he was unaware of the failure to serve the complaint and summons until receiving the Court's OSC. Plaintiff claims this mistake constitutes good cause for failing to comply with Rule 4(m), and that Defendant was served on January 28, 2006.

Plaintiff has not established good cause for failing to comply with Rule 4(m). "Good cause" under Rule 4(m) exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevent service. *See, Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991)

(discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 n. 2 (11th Cir.2005). Rule 4(m), however, grants discretion to the district court to extend the time for service of process even in the absence of a showing of "good cause." *Horenkamp*, 402 F.3d at 1132 (11th Cir.2005). As service has now been achieved, the Court will not dismiss the case on its own motion.

Plaintiff's counsel is warned that failure to respond timely to Court orders may lead to other sanctions. The failure to respond timely to Court orders is a recurring problem with Plaintiff's counsel in a number of cases before this Court. When a deadline has passed, the Court begins working based on the available information. Untimely responses cause the Court wasted effort and inconvenience as the Court oftentimes must change the course of its intended action.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE