# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PAMELA CORBETT on behalf of Christina
Corbett,**

**Plaintiff,**

**-vs-**                                               **Case No.  6:05-cv-1298-Orl-19JGG**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Court's own motion.  This

matter involves Plaintiff's repeated dilatory acts and failure to comply with Court orders, which results

in this Court's recommendation that the case be dismissed.

I.    **PROCEDURAL HISTORY**

Plaintiff filed her complaint on September 6, 2005.  Docket No. 1.  The first Order to Show

Cause ("OSC") was issued by Judge Fawsett on October 3, 2005, due to Plaintiff's failure to comply

with the Related Case Order entered on September 8, 2006.  Docket No. 3.  Plaintiff's counsel, Juan

Gautier, responded that due to an internal filing error, Gautier did not realize that he had failed to

comply with the Related Case Order until he received the OSC.  Docket No. 5.  Judge Fawsett found

that Gautier's response complied with her OSC.  Docket No. 6.

On January 20, 2006, the Court issued an OSC as to why the case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10 and FRCP 4(m).  Docket No. 7.  A response was due on February 3, 2006.  An untimely response was filed on February 6, 2006.  Docket No. 8.  Gautier stated that due to another internal filing error, the summons was not served and he was unaware of his failure to serve the complaint until the Court's OSC.  *Id.*  Gautier asserted further that Defendant had been served on January 28, 2006.  *Id.*  Plaintiff did not submit an affidavit of service as required by Fed. R. Civ. P. 4(l), or offer any other proof of service.

Although Plaintiff failed to establish good cause for failing to serve the complaint within 120 days as required by Fed. R. Civ. P. 4(m), the Court exercised its discretion to extend the time for service of process.  Docket No. 9.  Gautier was warned that "failure to respond timely to Court orders may lead to other sanctions."  *Id.*  The Court further noted the recurring problem the Court has experienced with Gautier failing to respond timely to Court orders.  *Id.*[1]

As Plaintiff never submitted any proof of service, the Court separately ordered Plaintiff to file her certificate(s) of service showing service on January 28, 2006, as claimed in her response to the second OSC.  Docket No. 10.  Gautier responded by filing certified mail delivery receipts that were signed by the United States Attorney on February 6, 2006, by the Office of Regional Chief on February 6, 2006, and by the Attorney General on February 13, 2006.  Docket No. 10.  Again, Gautier failed to submit an affidavit as required by Rule 4(l).

As Defendant never filed its answer or made an appearance, the Court issued a third OSC to Plaintiff as to why case should not be dismissed or sanctions should not be imposed for failure to

---

[1] A detailed accounting of these problems may be found in *Michael Reid v. Comm'r of Social Security Admin.,* Case No. 6:05-cv-00594-JGG, Docket No. 20.

-2-

prosecute.  Docket No. 12.  *See*, Local Rules 3.10, 1.07(b).  Plaintiff's show cause response was due by April 26, 2006.  *Id*.  The Court further directed the Clerk to serve the third OSC on the United States Attorney.  *Id*.

Plaintiff failed to respond to the third OSC.  On May 3, 2006, the Court issued a Fourth OSC why the case should not be dismissed or other sanctions imposed for failure to prosecute.  Docket 13.[2]

Subsequently, Defendant filed a response to the Court's third OSC.  Docket 15.  Defendant states that although the United States Attorney's Office received a copy of the complaint on February 13, 2006, no summons was included.  Docket 15 at 2.  Defendant further states that an employee of the United States Attorney's Office telephoned Gautier on February 21, 2006, at 11:00 a.m. and left a voicemail message for Gautier informing him that the case could not be processed because no summons was provided.  Docket 15 at 3.  Defendant, therefore, contends it has not been served.

Given Defendant's allegations of non-service, on May 5, 2006, the Court issued a Notice of Evidentiary Hearing and Order ("May 5 Order").  Docket 16.  In relevant part, the Court ordered Plaintiff to

> file an affidavit supporting service of the complaint as required by Fed. R. Civ. P. 4(l), and the affidavit should specifically address the Defendant's allegation that no summons was enclosed with the complaint.  Plaintiff also is to submit an affidavit responding to the Defendant's claim that it notified Plaintiff's counsel on February 21, 2006, of the failure to serve the summons.  **Plaintiff must file the affidavit(s) on or before May 12, 2006.**  Failure to comply with this Order will result in recommending that the case be dismissed.

Docket 16 at 1 (emphasis in original).  Plaintiff again has failed to comply with the Court's order.

---

[2] Given Plaintiff's failure to file a written response to the third OSC, the Court had set a hearing on the Fourth OSC for May 15, 2006, which was subsequently continued to May 18.  Docket 13, 18.  That hearing has been cancelled in light of Plaintiff's failure to comply with the Court's May 5, 2006, order.

## II.   THE LAW

Where a party fails to obey a scheduling order, the district court may impose sanctions.  Fed.

R. Civ. P. 16 (f) and 37 (b).  Rule 16 (f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

A district court may dismiss an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). The sanctions contained in Rule 16 (f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535.  In addition, the district court has the inherent power to police its docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir.1989).  Incident to this power, the judge may impose

-4-

formal sanctions upon dilatory litigants. *See Mingo*, 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo*, 864 F.2d at 102.

Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth*, 766 F.2d at 1535; *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth*, 766 F.2d at 1535.

In *Goforth*, dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth*, 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth*, plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *Id.* Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *Id.*

In *Mingo*, dismissal with prejudice was warranted by a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines.  *See Mingo v. Sugar Cane Growers Co-op of Fla.*, 1989 WL 205633 (S.D. Fla. May 26, 1989), on remand from *Mingo*, 864 F.2d 101, 102 (11th Cir.1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

In *Vaughan v. Apfel*, 209 F.R.D. 496 (M.D. Fla. 2001), the court dismissed the complaint of a party seeking review of a Social Security determination.  In *Vaughan*, the plaintiff's attorney deliberately disregarded three court orders to file an amended complaint.  Thus, more than one year after the original complaint was filed, and more than eight months since the court struck the original complaint, there was still no operative complaint.  *Id*. at 499.

## III.   APPLICATION

### A.    Failure to Obey Scheduling Order in this Appeal

Plaintiff asks this Court to reverse the decision of the Commissioner of Social Security, and to award her child disability benefits.[3]  Docket No. 1.  Plaintiff is represented by Juan Gautier, an experienced attorney who represents about one third of the Social Security disability appellants in the Middle District of Florida.  Plaintiff is entitled to expect that this Court will review an appeal that has

---

[3]Although this appeal is not yet ripe for a review of the record on appeal to determine whether Plaintiff's child meets the statutory definition of "disabled," the Court recognizes that all claimants who appeal to the district court have severe medical problems and severe functional limitations.

been properly perfected.  Plaintiff also is entitled to expect her attorney to turn down other work that will impair his attorney's ability to comply with Court orders and to perfect Plaintiff's appeal.[4]

This case has been delayed significantly due to Plaintiff's repeated delays.   One hundred thirty-six days after the Complaint was filed, the Court issued an OSC as to why the case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10 and FRCP 4(m).  Docket No. 7. Plaintiff filed an untimely response, which failed to establish good cause.  Docket No. 8.  The Court in its discretion, however, extended the time for service because Gautier represented that service had been achieved on January 28, 2006.  The Court expressly warned Gautier that "failure to respond timely to Court orders may lead to other sanctions." Docket 9.

The Court subsequently became aware that Gautier misstated that Defendant was served on January 28, 2006, as he earlier claimed.  The certified mail delivery receipts submitted by Gautier did not support service on January 28, 2006, but sometime later in February. Docket No. 10.  When Defendant still failed to answer or appear, the Court issued its third OSC to Plaintiff as to why case should not be dismissed or sanctions should not be imposed for failure to prosecute.  Docket No. 12.

The response was due by April 26, 2006, but Plaintiff still has not responded.  Nor has Plaintiff responded to the Court's May 5 Order to file affidavits in support of service and to respond to Defendant's allegation that Gautier was informed on February 21, 2006, that no summons was served. The Court's May 5 Order expressly warned Gautier that failure to file the affidavits by May 12, 2006, would result in a recommendation of dismissal.

---

[4]A lawyer's workload should be controlled so that each matter can be handled adequately.  Comment to Florida Bar Rule 4-1.3 (Diligence).  A lawyer's own interests should not be permitted to have adverse effect on representation of a client. For example, a lawyer's need for income should not lead the lawyer to undertake matters that cannot be handled competently. Comment to Rule 4-1.7 (Conflict of Interest).

It has been two hundred fifty-one days since the Complaint was filed.  Service is contested. Plaintiff has twice refused to respond to Court orders, one of which was expressly designed to assist the Court in determining whether Defendant had been served.

**B.      Pattern of Failure to Obey Scheduling Orders**

Although dismissal is authorized by Fed. R. Civ. P. 37 (b)(2)(C), late service in one Social Security appeal hardly merits the harsh sanction of dismissal.  Moreover, it is Plaintiff  —  who is not even remotely culpable —  who would feel the effect of dismissal more than Gautier.  Dismissal is warranted only on a clear record of delay which interferes with the expeditious management of claimants' appeals, and only where lesser sanctions will not suffice.  Regrettably, Gautier has a clear record of delay coupled with a willful disregard of scheduling orders.

This Court conducted an extensive survey of Gautier's cases just six months ago.  *See, Michael Reid v. Comm'r of Social Security Admin.,* Case No. 6:05-cv-00594-JGG, Docket No. 20. That survey revealed that Gautier usually misses deadlines in his appeals, including extended deadlines.  Of the 56 Social Security appeals then pending before the undersigned magistrate judge, Gautier represented 27 of the claimants.  Of the thirteen ripe appeals then pending before the undersigned, Gautier did not timely file a single brief, even after being granted multiple extensions of time.  The undersigned admonished Gautier in seven of those cases regarding his untimely filings, and issued orders to show cause in nine of those cases regarding his failure to prosecute.[5]  Other

---

[5] Gautier also has been admonished several times by Magistrate Judge Karla R. Spaulding and by Judge David A. Baker.  *See* Report and Recommendation filed in *Pierette Glover (Parrish) v. Comm'r of Social Security*, Case No. 6:05-cv-377-18-KRS, Docket 16 (listing admonishments and OSCs) citing *Baraglia v. Comm'r of Social Security*, 6:03-cv-762-ORL-KRS [Docket No. 11]; *Horton v. Comm'r of Social Security*, 6:03-cv-80-ORL-KRS [Docket No. 24]; *Dent v. Comm'r of Social Security*, 6:02-cv-1305-ORL-KRS [Docket No. 25].  On September 8, 2005, Magistrate Judge Spaulding dismissed four of Gautier's cases for failure to prosecute, also concluding that a lesser sanction will not suffice.  *See Patricia Ann Stillwell v. Comm'r of Social Security*, Case No. 6:05-cv-314-KRS; *Josh B. Edwards v. Comm'r of Social Security*, Case No. 6:05-cv-351-KRS; *Catherine Smith v. Comm'r of Social Security*, Case No. 6:05-cv-402-KRS; and

judges in the Orlando Division also have admonished Gautier for his failure to abide by deadlines set forth in court orders. At that time, the Court surveyed some 158 current Social Security appeals — a small sample of the appeals that Gautier has filed throughout the Middle District of Florida.[6] In eighty percent (127) of those 158 appeals, Gautier had one or more late filings.[7] Since the Court's Order in the *Reid* case, Gautier's timeliness in responding to Court orders and deadlines has barely improved.

Due to the extremely high volume of Social Security filings,[8] their complexity, and the ten-month time constraint to reach a final adjudication, the timely processing of these cases is imperative.[9] This Court has expended considerable effort over the years in forcing Gautier to comply with its

*Michael Mills v. Comm'r of Social Security*, Case No. 6:05-cv-432-KRS. On June 8, 2005, Judge Spaulding and Judge Baker held a joint hearing in the following cases: *Thomas v. Comm'r of Social Security*, 6:04-cv-1706-ORL-DAB [Docket No. 23]; *Negron v. Comm'r of Social Security*, 6:04-cv-1831-ORL-DAB [Docket No. 21], *Brown v. Comm'r of Social Security*, 6:04-cv-1857-ORL-DAB [Docket No. 19]; *Herring v. Comm'r of Social Security Administration*, 6:04-cv-1524-ORL-KRS [Docket No. 28]. At the joint hearing, Judge Baker and Judge Spaulding specifically admonished Gautier for his failure to comply with deadlines set by this Court.

[6] The 158 appeals include both 1.) appeals which were closed during 2005 to date; and 2.) appeals which remain open, pending, and ripe as of November 10, 2005 (many pending non-ripe appeals excluded). Although the Court used its internal Case Management Electronic Case Filing database, the same information is publicly available via PACER.

[7] In this study, "late filings" do not include filings permitted by proper extensions.

[8] According to AOUSC statistics, the Middle District of Florida has the third highest number of new Social Security filings in the nation. This amounts to an average of 40.87 Social Security filings per district judge each year — 73% higher than the national average of 23.63 filings per district judge. Our magistrate judges adjudicate most Social Security appeals on consent, and resolve the remainder by report and recommendation to the district judges. As a result, the Middle District of Florida has the second highest number of Social Security dispositions by magistrate judges in the nation. Last year, fifteen magistrate judges resolved more disability appeals than did all of the magistrate judges in each of the following circuits: First Circuit, Second Circuit, Third Circuit, Seventh Circuit, and D.C. Circuit. In the Orlando Division, magistrate judges must resolve *one Social Security appeal per week* — each presenting complex, time-consuming issues and a long medical record — simply to stay even with filings. At the same time, that magistrate judge must resolve all non-dispositive (and some dispositive) motions in his or her assigned docket of some 600 civil and felony cases.

[9] The efficient management and timely disposition of each Social Security appeal is important. The Court strives to obtain the filing of both briefs, to research, to analyze, and to resolve each appeal with a reviewable order within ten months of the filing of the record. Of course, most records include voluminous medical records and several issues, which take time to analyze. Although it is rare for the Court to conduct oral argument, the Court regularly spends at least 40 hours reviewing each appeal and preparing each order.

scheduling orders, and in policing his late filings.  This robs the Court of precious time for ruling on the substantive claims and appeals of other claimants.[10]

Given the repeated warnings to Gautier, the Court reluctantly finds Gautier's failure to comply with the Court's orders to be willful and that Plaintiff has failed to prosecute her case.  After reviewing the history of Gautier's conduct, the Court concludes that no lesser sanction than dismissal will cause Gautier to meet deadlines and comply with the Court's orders.[11]

It is therefore respectfully recommended that the action be dismissed for failure to prosecute. Failure to file written objections to the proposed findings and recommendations contained in report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Courtroom Deputy

---

[10]The United States Court of Appeals for the Eleventh Circuit enforces an even more stringent briefing schedule for all civil appeals, including disability appeals.  *See* 11th Cir. R. 31-2 (d) - (e) (second requests for extensions of time are "extremely disfavored and are granted rarely," but "only upon a showing of extraordinary circumstances that were not foreseeable at the time the first request was made")(extensions of time must be requested prior to the due date).

[11]Although Fed. R. Civ. P. 16 (f) permits (or arguably mandates) an award of attorneys fees and expenses as an additional sanction, the Court finds that dismissal is sufficiently severe in this case.